ORIGINAL

# In the United States Court of Federal Claims

No. 17-1037L

(Filed: March 23, 2018)

FILED
MAR 23 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN S. BARTH, ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Motion to Dismiss; Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); RCFC 12(b)(6); RCFC 12(h)(3). |

John S. Barth, Springvale, ME, pro se.

Aaron E. Woodward, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss plaintiff's amended complaint, in which he alleges various constitutional and copyright violations. See Am. Compl., ECF No. 10. Defendant moves to dismiss the first count of plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), and contends that the court lacks jurisdiction to consider the second and third counts of plaintiff's amended complaint, pursuant to RCFC 12(b)(1). See Def.'s Mot. to Dismiss, ECF No. 11. For the following reasons, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

7017 1450 0000 1346 4292 — Springvale, ME

7017 1450 0000 1346 4308 — Sarasota, FL

I.    Background

Plaintiff filed a voluminous complaint in this case, primarily comprised of allegations that various individuals and organizations violated his copyrights. See ECF No. 10 at 17-21 (summarizing the second and third counts of the complaint). Plaintiff names the government as a defendant only in the first count of the complaint, stating as follows:

> The defendant United States is sued only in its liability for compensation of damages due to incidental taking of private property without just compensation, and denial of property without due process or equal protection of law. The United States became involved by the actions of a district judge who refused to seal the case despite multiple clearly essential motions, or to request federal discovery assistance, or to disqualify himself to permit a judge with knowledge of internet racketeering to handle the case, and published the unredacted documents on the court and Pacer websites, thereby notifying the defendants and allowing them to destroy evidence and move assets out of the country and beyond recovery by the Plaintiff and others.
>
> The said violations were done with full **knowledge** of the injury done, **without permission** of the Plaintiff, and have **caused injury** to the Plaintiff in the loss of his efforts of four years and his income from the sale of intellectual property, and costs of prosecution, for which Plaintiff demands full compensation.

Id. at 16 (emphasis in original). These allegations stem from the decisions issued by the judge presiding over a case that plaintiff filed in the United States District Court for the Central District of California. See Appx. B to Compl., ECF No. 1-9 at 1-43[1] (compiling selected documents in Barth v. Playster Corp., Case No. 2:17-cv-0274).

II.   Legal Standards

Pursuant to the Tucker Act, the court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

---

[1] When filing his original complaint, plaintiff omitted several pages, see ECF No. 1, and the court ordered him to file an amended complaint to correct the error, see ECF No. 9. Plaintiff complied with the court's order and filed an amended complaint, see ECF No. 10, but omitted the exhibits he attached to the original complaint, which are referenced throughout the amended pleading. In order to preserve the resources of both the parties and the court, the court will refer to the exhibits as originally filed.

sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiffs bear the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiffs' allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiffs' favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If, however, a motion to dismiss "challenges the truth of the jurisdictional facts alleged in the complaint, the . . . court may consider relevant evidence in order to resolve the factual dispute." Id. at 747. If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III. Analysis

    A. Count I

In the first count of the complaint, plaintiff claims that the United States is liable for damages he suffered as a result of a taking without just compensation, and the denial of both due process and equal protection. See ECF No. 10 at 16. Plaintiff's claims for relief are premised on allegations that a judge on the United States District Court for the Central District of California violated these various constitutional rights. Specifically, he asserts that the judge:

> refused to seal the case despite multiple clearly essential motions, or request federal discovery assistance, or to disqualify himself to permit a judge with knowledge of internet racketeering to handle the case, and published the unredacted documents on the court and Pacer websites, thereby notifying the defendants and allowing them to destroy evidence and move assets out of the country and beyond recovery by the Plaintiff and others.

Id. See also id. at 32-37 (detailed allegations of the claims contained in this summary paragraph). Plaintiff also complains that the judge improperly dismissed the case for lack of prosecution. See id. at 3-4.

Defendant moves the court to dismiss this count of the complaint for failure to state a claim, pursuant to RCFC 12(b)(6). See ECF No. 11 at 1, 6-10. In the court's view, however, dismissal pursuant to RCFC 12(b)(1) and RCFC 12(h)(3) is more

3

appropriate.

"Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citations omitted). This court "has no jurisdiction to review the decisions 'of district courts and cannot entertain a taking[s]claim that requires the court to scrutinize the actions of another tribunal.'" Id. (quoting Innovair Aviation Ltd. v. United States, 632 F.3d 1336, 1353 (Fed. Cir. 2011)). The allegations in plaintiff's complaint fall squarely within this prohibition. The actions of which plaintiff complains relate entirely to decisions made by the district court judge in the course of the litigation before him. Because evaluating plaintiff's claims would require the court to review the decisions made by the District Court judge, this court is without jurisdiction to consider them.

Despite the fact that defendant moved for dismissal of the first count on the basis of RCFC 12(b)(6), the court is compelled to dismiss the count for lack of jurisdiction. Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because the court lacks the authority to review decisions made by the judge in the United States District Court for the Central District of California, the first count of plaintiff's complaint is dismissed.

B.   Counts II and III

In the second and third counts of his complaint, plaintiff levels extensive allegations against various individuals and organizations that are not the United States. See ECF No. 10 at 17-21. Defendant moves the court to dismiss these counts for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1).

The court is plainly without jurisdiction to consider claims against private individuals and organizations. See 28 U.S.C. § 1491(a)(1). "The United States is the only proper defendant in this Court." Johnson v. United States, No. 17-353, 2017 WL 7596910, at *4 (Fed. Cl. Aug. 11, 2017) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); Steward v. United States, 130 Fed. Cl. 172, 178 (2017) ("It is . . . well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States")). "Claims for relief sought against any other party, including officers of the United States government and any other individual, 'must be ignored as beyond the jurisdiction of the court.'" Matthews v. United States, 72 Fed. Cl. 274, 279 (2006) (quoting Sherwood, 312 U.S. at 588). In light of this well-established law, the court finds it lacks subject matter jurisdiction to consider the second and third counts of plaintiff's complaint.

4

IV.     Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider any of the claims in plaintiff's complaint. Defendant's motion to dismiss, ECF No. 11, is **GRANTED**, pursuant to RCFC 12(b)(1) and RCFC 12(h)(3). The clerk's office is direct to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge